UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVY BISHOP,

Plaintiff,

-against-

CITY OF NEW YORK et al,

Defendants.

26-CV-6529 (LTS)

ORDER DIRECTING REDACTED COMPLAINT AND REDACTED IFP APPLICATION; SIGNATURE; AND ADDRESS

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action proceeding *pro se*. For the reasons set forth below, the Court directs Plaintiff (1) to redact both the complaint and the request to proceed *in forma pauperis* ("IFP") to omit the names or birth dates of any minors; (2) to sign the redacted complaint and request to proceed IFP ("IFP application"); and (3) to provide her contact information.

## DISCUSSION

### A. Rule 5.2(a)

Rule 5.2(a) of the Federal Rules of Civil Procedure requires parties not to include in their submissions full social-security and taxpayer-identification numbers, full birth dates, a minor's full name, and financial-account numbers. Because federal court filings are generally "available over the internet," filers are required not to include this information. *See* Fed. R. Civ. P. 5.2, Advisory Notes. "The responsibility to redact filings rests with . . . the party . . . making the filing," not the Clerk of Court. *Id.*

"A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."[1] Fed. R. Civ. P. 5.2(h).

[1] A desire to keep financial affairs private is generally insufficient to warrant the judicial sealing of an IFP application. *See, e.g.*, *Mitchell v. Mirza*, No. 07-CV-03686 (ILG), 2009 WL 10706571, at *2 (E.D.N.Y. May 6, 2009) (denying motion to seal financial affidavit because

Here, Plaintiff has submitted a complaint and IFP application (ECF 1 and 2) containing the names of minor children and a full date of birth.

Accordingly, the Court directed the Clerk of Court to electronically seal these documents. The Court also grants Plaintiff 30 days' leave to file a proposed redacted complaint that does not include the names of individuals known to be minors or birth dates. The Court also grants Plaintiff 30 days' leave to file a redacted IFP application that does not include the above-referenced information.

If Plaintiffs submit the documents, they should be labeled as (1) a Redacted Complaint and (2) a Redacted IFP Application. Both documents should include the docket number 26-CV-6529 (LTS).

**B. Rule 11(a) – Signature**

The complaint and IFP application that Plaintiff submitted are unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff is directed to sign and submit the attached "Plaintiff's Certification and Warnings" within 30 days of the date of this order. The signed document must be labeled with docket number 26-CV-6529 (LTS).

If Plaintiff mails the signature page to the court, or files it in person, Plaintiff must comply with Rule 11(a) by signing the document.

---

plaintiff's financial affairs were central to the determination of his eligibility for appointed counsel).

If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use a digital signature or a typed name with /s/ ("/s/ Ivy Bishop") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: '/s/ [Party's Name].'").

**C. Rule 11(a) – Contact Information**

Plaintiff commenced this action without providing an address of record for service. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Moreover, a standing order in this district provides that "[i]t is a party's obligation to provide an address for service . . . ." *In Re: Cases Filed By Pro Se Plaintiffs, This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.").

Plaintiff is therefore directed, within 30 days of the date of this order, to sign and submit the Notice of Change of Address with current contact information. In the alternative, Plaintiff may consent to accept electronic service of documents in this case.[2] Copies of these forms are

[2] If Plaintiff consents to accept electronic service, Plaintiff will no longer receive copies by postal mail.

attached. If Plaintiff submits the Notice of Change of Address or Consent to Electronic Service, the form must be labeled with docket number 26-CV-6529 (LTS).

## CONCLUSION

The Court directs Plaintiff, within thirty days of the date of this order, to file (1) a signed redacted complaint that does not include the names of individuals known to be minors, social security numbers, birth dates, and financial-account numbers; and (2) a signed redacted IFP application that does not include the above-referenced identifying information.

The submissions should be labeled as a Redacted Complaint and a Redacted IFP Application, and both should include the docket number 26-CV-6529 (LTS).

If Plaintiff files a redacted complaint and a redacted IFP application, and these submissions do not contain information prohibited by Rule 5.2(a), they will be available on the public docket.

If the submissions include Plaintiff's own unredacted information, the submissions will be available on the public docket, and the protection of Rule 5.2(a) will be deemed waived.

If a redacted IFP application includes the names of minors (or social security numbers, birth dates, and financial-account numbers for others), the Court will direct that it be filed under seal and will dismiss the action without prejudice for Plaintiff's failure to pay the filing fees or seek leave to have the fees waived.

If the redacted complaint includes the above-referenced information, the pleading will be filed under seal, and the Court will order Plaintiff to show cause why this action should not be dismissed for failure to comply with this order. *See* Fed. R. Civ. P. 41(b).

The Court directs Plaintiff to sign and submit a redacted complaint and IFP application within thirty days of the date of this order.

The Court also directs Plaintiff to submit the Notice of Change of Address form or the Consent to Electronic Service form within thirty days of the date of this order.

No further action will be taken in this case, and no summonses shall issue or answer be required, until Plaintiff complies with this order. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

If Plaintiff fails to comply with this order or to seek an extension of time to comply within the time allowed, the action will be dismissed without prejudice to refiling.

The Court directs the Clerk of Court to mail a copy of this order to the email address Plaintiff used to file her submissions. The order also will be viewable on the court's electronic docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 25, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge